UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FM GLOBAL, INC. a/s/o Clorox Co. of
Puerto Rico, and CLOROX CO. OF
PUERTO RICO,

          Plaintiffs,

– v. –

UNITED PARCEL SERVICE, INC., d/b/a
UPS Freight,

          Defendant.
                                         /

**COMPLAINT**

Plaintiffs, FM Global, Inc. ("FMG") and Clorox Co. of Puerto Rico ("Clorox"), by and through undersigned counsel, complaining of the Defendant, allege the following upon information and belief:

FIRST: All and singular of the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall within the admiralty and maritime subject matter jurisdiction of the United States and of this Honorable Court.

SECOND: At all relevant times, FMG was a New Jersey corporation with an office for the transaction of business located at 300 Kimball Drive, Parsippany, New Jersey 07054.

THIRD: At all relevant times, Clorox was a foreign corporation with an office for the transaction of business located at Carr. #1 Km 27.1 Ramal 798, Caguas, Puerto Rico 00725.

FOURTH: At all relevant times, Defendant United Parcel Service, Inc. ("UPS") d/b/a UPS Freight was and is a Georgia corporation with its corporate headquarters located at 55

Glenlake Parkway NE Atlanta, Georgia 30328, and was and is engaged in business as a common carrier of merchandise for hire and/or as a non-vessel-owning common carrier of merchandise for hire.

FIFTH: On or about 22 September 2015, Shipper Berry Plastics Corporation ("Berry"), at its facility located at 3245 Kansas Road, Evansville, Indiana 47725, delivered to Defendant UPS, as common carrier, a shipment of 133 packages of plastic packaging ("Cargo"), then being in good order and condition, and UPS then and there accepted said Cargo so shipped and delivered to it and, pursuant to its contract of carriage and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, UPS agreed to transport and carry said Cargo to Clorox's facility located at Carr. #1 Km 27.1 Ramal 798, Caguas, Puerto Rico 00725, and there deliver the same in like good order and condition as when received it. UPS issued Bill of Lading No. 03999557 with respect to the Cargo.

SIXTH: Thereafter, at the Port of Jacksonville, Florida, UPS loaded the Cargo aboard the merchant vessel M/V EL FARO, which departed for the Port of San Juan, Puerto Rico on or about 29 September 2015, on Voyage No. 185s. While in transit, the M/V EL FARO capsized and sank. The Cargo was lost and never recovered. UPS did not deliver the Cargo to its intended destination, in breach of Defendant's contract of carriage and its obligations and duties as a common carrier for hire.

SEVENTH: Pursuant and subject to the terms and condition of a policy or policy of insurance, Plaintiff FMG is the subrogated underwriter of the shipper, consignee, or owner of the Cargo and brings this action on its own behalf and as agent or trustee on behalf of and for the

interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and FMG is entitled to maintain this action.

EIGHTH: By reason of the foregoing, Defendant UPS is now liable for all losses and damages sustained by Plaintiffs arising out of the aforesaid total loss of the Cargo.

NINTH: By reason of the foregoing, Plaintiffs have sustained damages in the principal amount of $8,500.00, as nearly as can now be determined, no part of which has been paid, although duly demanded.

TENTH: The Owners and Managers of the M/V EL FARO initiated a proceeding in the United States Federal District Court for the Middle District of Florida under Case No. 3:15-cv-1297 (HES)(MCR), wherein they seek exoneration from or limitation of liability for the losses associated with the sinking of the M/V EL FARO under the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* ("the Limitation Action").

ELEVENTH: To preserve its rights of recovery in connection with the loss of the Cargo, and pursuant to the Order of the Court in the Limitation Action requiring that all claims be filed on or by February 19, 2016, FMG filed an Answer and Claim against the Owners and Managers of the M/V EL FARO in the Limitation Action. Notwithstanding FMG's Claim filed in the Limitation Action, Defendant UPS is liable to Plaintiffs FMG and Clorox for the full value of the Cargo as a result of the Defendant's aforesaid breach of the contract for carriage.

WHEREFORE, Plaintiffs pray:

1. That process in due form of law issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if Defendant cannot be found within this District, then all its property within this District be attached in the sum of $8,500.00, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment be entered in favor of Plaintiffs against Defendant for the amount of Plaintiffs' damages, together with interest thereon and costs and the disbursements of this action, and;

4. That this Court grant Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York  
March 24, 2016

KENNEDY LILLIS SCHMIDT & ENGLISH  
Attorneys for Plaintiffs

By: _____  
Thomas M. Fedeli  
75 Maiden Lane, Suite 402  
New York, New York 10038  
Telephone (212) 430-0800

4